# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Walter Coleman Kelly, Jr., | ) |
| | ) Civil Action No.: 0:17-cv-00877-JMC |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| South Carolina, | ) |
| | ) |
| Respondent. | ) |

Petitioner Walter Coleman Kelly, Jr. ("Petitioner") filed this *Pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"). (ECF No. 1.) Petitioner alleges ineffective assistance of trial counsel, involuntary plea agreement, illegal search, and 4th, 5th, 6th, 8th, 13th, and 14th amendment and due process violations. (*Id*. at 1-5.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On April 28, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court to summarily dismiss Petitioner's Complaint without prejudice and without requiring Respondent to file a return. (ECF No. 6.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed on May 17, 2017. (ECF No. 8.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby summarily **DISMISSES** Petitioner's Complaint (ECF No. 1) without prejudice and without requiring Respondent to file a return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Petitioner are discussed in the Report. (*See*

ECF No. 6.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at Perry Correctional Institution within the South Carolina Department of Corrections. (ECF No. 1 at 1.) Petitioner states he pled guilty to manslaughter in the Spartanburg County Court of General Sessions on January 19, 2010, and was sentenced to thirty (30) years' imprisonment. (*Id*. at 2.) In 2014, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus challenging his 2010 manslaughter conviction. The court granted Respondent's Motion for Summary Judgment in that case. *Kelly v. McFadden*, No. 0:14-3870-JMC (D.S.C. Aug. 27, 2015) at ECF No. 33.

Petitioner now brings another § 2254 habeas corpus petition. (ECF No. 1.) The Magistrate Judge recommended the court to summarily dismiss this case without prejudice and without requiring Respondent to file a return. (ECF No. 6.) The Magistrate Judge determined that Petitioner raised issues in this matter that were previously raised in his 2014 habeas corpus petition, as well as other issues that had not been presented to the court. (*Id*. at 2.) The Magistrate Judge further determined that Petitioner failed to obtain authorization from the United States Court of Appeals for the Fourth Circuit prior to filing a successive habeas corpus petition. (*Id*. at 3.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. DISCUSSION

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner merely asserts that "the case should not be summarily dismissed, [sic] for failure to file a pre-filing application. Instead the courts [sic] should grant petitioner's motion for leave to file a pre-filling application, and hold this case in abatement

until the court has a chance to rule upon this case." (ECF No. 8 at 1.) Additionally, Petitioner fails to allege any facts showing that he received prior authorization from the United States Court of Appeals for the Fourth Circuit on this successive § 2254 petition.[1] Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 6). It is therefore ordered that Petitioner's Complaint (ECF No. 1) is summarily **DISMISSED** without prejudice and without requiring Respondent to file a return.

---

[1] Petitioner filed a *Pro se* motion in this court seeking authorization to file a successive § 2254 habeas application from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring an applicant seeking to file successive habeas application to "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Petitioner filed a motion for leave to file a pre-filing application. (ECF No. 9.) However, Petitioner has not provided the court with any persuasive reasoning to grant such a request. Therefore, Petitioner's motion for leave to file a pre-filing application (ECF No. 9) is dismissed with prejudice. Additionally, pursuant to Rule 11(a) of the Rules Governing Section § 2254 petitions, the court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of her constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 6, 2017
Columbia, South Carolina